**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION – DETROIT**

IN RE:

ALVIN J. JOHNSON,                            Case No. 16-41277-PJS
                                              Honorable PHILLIP J. SHEFFERLY
      Debtor.                                 Chapter 13

6819 Covert Street
Detroit, MI 48212
XXX-XX-8712
_____/

## WAYNE COUNTY TREASURER'S OBJECTIONS TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN

NOW COMES Creditor, Wayne County Treasurer, by and through its attorneys, KILPATRICK & ASSOCIATES, P.C., and hereby objects to the proposed Chapter 13 Plan, and states as follows:

1. That Creditor, Wayne County Treasurer's Office, is the tax collecting governmental unit for Wayne County. As such, it is the Treasurer's duty to collect property taxes for the county and various cities within the county, which accrue on both real and personal property.

2. The Debtor is indebted to the Wayne County Treasurer in the amount of Three Thousand Two Hundred Fifteen and 08/100 Dollars ($3,215.08) as a result of the Debtor's failure to pay real estate property taxes for the years of 2013 and 2014 on the premises located at 6826 Covert Street, Detroit, Michigan.

3. The proposed Plan understates the amount of indebtedness owed to the Wayne County Treasurer, and therefore, does not grant this holder of a fully secured claim the treatment required under 11 U.S.C. §506(b), 11 U.S.C. §1322 and 11 U.S.C. §1325.

4. The proposed Plan fails to provide for statutory interest on the Treasurer's secured claim. The Treasurer is entitled to a statutory rate of interest which accrues at the rate of one percent (1%) per month pursuant to M.C.L. 211.59, 11 U.S.C. §506(b), 11 U.S.C. § 511, 11 U.S.C. § 1325(a) one and one half percent (1½ %) per month for the redemption of the property and taxes which have been forfeited pursuant to M.C.L. 211.70 et. seq.

5. Prior to the filing of the Debtor's petition, the Debtor's property located at 6826 Covert Street, Detroit, Michigan, was forfeited to the Treasurer for non-payment of the 2013 taxes in the amount of One Thousand Eight Hundred Forty and 76/100 Dollars ($1,840.76) and Notice of Forfeiture was recorded in the public record pursuant to state statute, and therefore the Debtor simply retained an equity of redemption which requires payment in full of those taxes for which the Debtor's property was forfeited pursuant to M.C.L. 211.78g, 211.70, and 11 U.S.C. §1322(c).

6. The Debtor is indebted to the Wayne County Treasurer in the amount of Two Thousand Thirty Three and 34/100 Dollars ($2,033.34) as a result of the Debtor's failure to pay real estate property taxes for the years of 2013 and 2014 on the premises located at 6818 Covert Street, Detroit, Michigan.

7. The proposed Plan understates the amount of indebtedness owed to the Wayne County Treasurer, and therefore, does not grant this holder of a fully

secured claim the treatment required under 11 U.S.C. §506(b), 11 U.S.C. §1322 and 11 U.S.C. §1325.

8. The proposed Plan fails to provide for statutory interest on the Treasurer's secured claim. The Treasurer is entitled to a statutory rate of interest which accrues at the rate of one percent (1%) per month pursuant to M.C.L. 211.59, 11 U.S.C. §506(b), 11 U.S.C. § 511, 11 U.S.C. § 1325(a) one and one half percent (1½ %) per month for the redemption of the property and taxes which have been forfeited pursuant to M.C.L. 211.70 et. seq.

9. Prior to the filing of the Debtor's petition, the Debtor's property located at 68186 Covert Street, Detroit, Michigan, was forfeited to the Treasurer for non-payment of the 2013 taxes in the amount of One Thousand Six Hundred Thirty Six and 79/100 Dollars ($1,636.79) and Notice of Forfeiture was recorded in the public record pursuant to state statute, and therefore the Debtor simply retained an equity of redemption which requires payment in full of those taxes for which the Debtor's property was forfeited pursuant to M.C.L. 211.78g, 211.70, and 11 U.S.C. §1322(c).

10. To render the Plan confirmable, the Debtor is required to provide for full repayment of the Treasurer's secured claims with statutory interest and retention of the Treasurer's lien pursuant to 11 U.S.C. §506(b), 11 U.S.C. § 1322, 11 U.S.C. § 1325(a) (5), 11 U.S.C. § 511, and M.C.L. 211.59.

11. The inclusion of the correct treatment for the secured claims held by the Treasurer may impact feasibility. Feasibility is required under 11 U.S.C. §1325(a)(6).

WHEREFORE, Creditor prays this Honorable Court deny confirmation of the proposed Chapter 13 Plan, and alternatively, dismiss this matter or convert this matter to a Chapter 7 proceeding.

        Respectfully submitted,

        KILPATRICK & ASSOCIATES, P.C.
        Attorney for the Wayne County Treasurer

By: /S/RICHARDO I. KILPATRICK
    RICHARDO I. KILPATRICK (P35275)
    615 Griswold, Suite 1305
    Detroit, MI 48226
    (313) 963-2581
    ecf@kaalaw.com

Dated: February 29, 2016