UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

Alvin J. Johnson,
                            DEBTOR.
_____/

CHAPTER 13
CASE NO. 16-41277-PJS
JUDGE PHILLIP J. SHEFFERLY

**TRUSTEE'S OBJECTION TO CONFIRMATION OF THE
DEBTOR'S FIRST MODIFIED, PRE-CONFIRMATION CHAPTER 13 PLAN**

**NOW COMES** the Chapter 13 Standing Trustee in this matter, David Wm. Ruskin, and objects to confirmation of the debtor's First Modified, Pre-Confirmation Chapter 13 Plan, and in support thereof states as follows:

1. The debtor has failed to provide proof of the contribution from the debtor's daughter prior to the First Meeting of Creditors as required by 11 U.S.C. Section 521. The Trustee therefore requests that the debtor produce proof of the contribution from the debtor's daughter no later than 14 days prior to the scheduled Confirmation Hearing in order for the Trustee to determine whether the debtor's Plan complies with 11 U.S.C. Section 1325(b), 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 1325(a)(6).

2. The Plan fails to provide that 100% of all tax refunds received or entitled to be received by the debtor since the commencement of the debtor's case be remitted to the Trustee for distribution among creditors as required by 11 U.S.C. Section 1325(b)(1)(B) and *In re Freeman*, 86 F.3d 478 (6th Cir. 1996).

3. Debtor's Chapter 13 Plan fails to provide for any treatment of the Class 9 General Unsecured claims. Accordingly, the debtor's Plan fails to comply with 11 U.S.C. Section 1325.

4. Class 5.2 of the debtor's Chapter 13 Plan provides for the debtor to retain two vacant lots located at 6818 and 6819 Colvert Street, Detroit, Michigan, with payments in excess of $302.00 per month, however, the debtor does not receive any income for these real properties. The Trustee therefore questions whether the retention of these real properties is reasonable and whether the debtor's Chapter 13 Plan fails to comply with 11 U.S.C. Section 1325.

5. Class 5.2 of the debtor's Chapter 13 Plan provides for an obligation owing to CIT Bank, NA, with a fair market value for the real property located at 6819 Colvert Street, Detroit, Michigan, of $15,000.00, however, based upon the debtor's amended Schedule A/B and the Liquidation Analysis of the debtor's Chapter 13 Plan, the debtor includes a $25,000.00 fair market value for this real property. Accordingly, due to this discrepancy, the Trustee is unable to determine if the debtor's Plan complies with 11 U.S.C. Section 1325.

6. Based upon the debtor's Schedule A/B, the debtor discloses the value for the real property located at 6826 Colvert Street, Detroit, Michigan, with a fair market value of $5,000.00.

Further, based upon the debtor's amended Schedule A/B, the debtor discloses an interest in real property located at 6818 Colvert Street, Detroit, Michigan, with a fair market value of $1,000.00. The Trustee requests that the debtor provide objective documentation in support of the valuation of these real properties so that the Trustee can determine if the debtor's Plan complies with 11 U.S.C. Section 1325(a)(4).

7. Debtor's Chapter 13 Plan is not adequately funded to meet the requirements of debtor's Plan. Class 5.2 of debtor's Chapter 13 Plan proposes to modify the claim of "CIT Bank N.A." by reducing interest rate to 0% but providing a secured claim of only $14,000.00. The proof of claim filed by the creditor indicates a total secured claim of $72,000.00. Debtor's Chapter 13 Plan is insufficiently funded to pay the secured claim of $72,000.00 even at the proposed modified interest rate 0%. Accordingly, debtor's Plan fails to comply with 11 U.S.C. Section 1322 and 11 U.S.C. Section 1325.

8. The amount of the proposed funding in the Plan is not sufficient to pay all claims as proposed in the Plan (the Plan is underfunded). Therefore, the debtor fails to provide for the submission of sufficient future earnings or future income for the execution of the Plan as required by 11 U.S.C. 1322(a)(1).

**WHEREFORE,** the Chapter 13 Standing Trustee requests that this Honorable Court deny confirmation of the debtor's Chapter 13 Plan.

                                OFFICE OF DAVID WM. RUSKIN, STANDING
                                CHAPTER 13 TRUSTEE

Dated: April 20, 2016        By: ___/s/ Thomas D. DeCarlo_____
                                LISA K. MULLEN (P55478)
                                THOMAS D. DECARLO (P65330)
                                Attorneys for Chapter 13 Trustee, David Wm. Ruskin
                                1100 Travelers Tower
                                26555 Evergreen Road
                                Southfield, MI 48076-4251
                                Telephone (248) 352-7755

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

Alvin J. Johnson,

DEBTOR.

CHAPTER 13
CASE NO. 16-41277-PJS
JUDGE PHILLIP J. SHEFFERLY

_____/

**CERTIFICATE OF SERVICE OF TRUSTEE'S OBJECTION TO
CONFIRMATION OF THE DEBTOR'S FIRST MODIFIED,
<u>PRE-CONFIRMATION CHAPTER 13 PLAN</u>**

I hereby certify that on April 20, 2016, I electronically filed the Trustee's Objection to Confirmation of the debtor's First Modified, Pre-Confirmation Chapter 13 Plan with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

BERMAN & BISHOP PLLC
24405 GRATIOT
EASTPOINTE, MI 48021-0000

The following parties were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

Alvin J. Johnson
6819 Covert Street
Detroit, MI 48212-0000

_____/s/ Vanessa Wild_____
Vanessa Wild
For the Office of the Chapter 13 Standing Trustee-Detroit
1100 Travelers Tower
26555 Evergreen Road
Southfield, MI 48076-4251
(248) 352-7755